IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOLORES A. SULLIVAN,

                    Plaintiff,                   OPINION AND ORDER

and                                            13-cv-724-wmc

UNITED HEALTH CARE,

                    Subrogated Plaintiff,

    v.

DOLGENCORP, LLC,

                    Defendant.

---

In this civil action, plaintiff Dolores A. Sullivan claims that defendant Dolgencorp, LLC (incorrectly captioned on the complaint as Dollar General Corporation) was negligent and violated Wisconsin's safe place statute, Wis. Stat. § 101.11, by failing to adequately maintain its store in Broadhead, Wisconsin. (Compl. (dkt. #1-2).) Invoking this court's diversity jurisdiction, defendant Dolgencorp has removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1). (Not. of Removal (dkt. #1) ¶¶ 1, 3.) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, Dolgencorp will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).   Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart,* 562 F.3d at 802-03.

Here, defendant contends in its notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 3.)   For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant.  *Smart*, 562 F.3d at 803.  Defendant's allegations as to the citizenship of all three parties prevents this court from determining if this is so.

Starting with defendant Dolgencorp, "the citizenship of an LLC is the citizenship of each of its members," yet defendant has not alleged sufficient information to determine whether complete diversity exists here.  *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).  Indeed, the notice of removal lacks *any* allegations regarding the names or the citizenship of any defendant Dolgencorp's members.  Instead,

2

defendant alleges it is "incorporated in the State of Kentucky, with its principal place of business in the State of Tennessee." (Not. of Removal (dkt. #1) ¶ 4.b.) The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).[1]

Defendant also alleges that plaintiff Sullivan "is a resident of Wisconsin." (Not. of Removal (dkt. #1) ¶ 4.a.) Strictly speaking (and the Seventh Circuit has repeatedly advised lower courts that we *are* speaking strictly), for an individual person, defendant must allege her *domicile* rather than her residence. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a person may have several residences, but only one domicile. *Id.*

Finally, defendant's notice of removal contains *no* allegations as to the citizenship of the subrogated plaintiff, United Healthcare. From the complaint, plaintiff alleges that United Healthcare is a "company providing health insurance benefits with a business address of PO Box 19099, Green Bay, Wisconsin, 54307-9827." (Compl. (dkt. #1-2) ¶

---

[1] In alleging the LLC's citizenship, plaintiff should be aware that if any members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

2.)   After determining United Healthcare's corporate form, defendant should consult 28 U.S.C. § 1332(c) to determine its citizenship.[2]

Before dismissing this action for lack of subject matter jurisdiction, Dolgencorp will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging (1) the names and citizenship of each member of its LLC; (2) plaintiff Sullivan's domicile and in turn her citizenship; and (3) subrogated plaintiff United Healthcare's citizenship or otherwise explain why the court need not consider this party in determining whether complete diversity exists.

ORDER

IT IS ORDERED that:

1) defendant Dolgencorp, LLC shall have until November 8, 2013, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 25th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] To the extent defendant asserts that United Healthcare is a nominal defendant and need not be considered by this court in determining diversity, defendant should so state *and* allege factual support for this assertion. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

4