IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOLORES A. SULLIVAN,

                                 Plaintiff,                            OPINION & ORDER

and

                                                   13-cv-724-jdp

UNITED HEALTHCARE

                                 Subrogated Plaintiff,

        v.

DOLGENCORP, LLC,
*incorrectly designated as Dollar General Corporation*,

                                 Defendant.

This is a personal injury suit, which the defendant, Dolgencorp, LLC, removed to this court on the basis of diversity jurisdiction. Plaintiff Dolores Sullivan alleges that she tripped while shopping in one of the defendant's Dollar General Stores, suffering serious injuries as a result. The matters now before the court arise from a series of discovery motions filed by Sullivan.

This case got off to a slow start, and the parties are now suffering from their initial lack of diligence. The court held a preliminary pretrial conference in November 2013, and it set the calendar in a November 21, 2013, scheduling order. Dkt. 9. But then, except for a pair of expert witness disclosures (which for some reason were filed with the court, though they need not have been), this case sat apparently ignored for 10 months. The parties returned from radio silence, not with dispositive motions or discovery disputes, but with a joint request to move the trial date by three months. They explained that there was "insufficient time to allow [them] to complete discovery to properly prepare for trial as scheduled." Dkt. 14. The court denied their request. Dkt. 15.

Facing the December 15, 2014, trial date, the parties are now in a rush to complete discovery. The process is not going smoothly, particularly for Sullivan, who has filed three discovery-related motions. The court denied the bulk of her first motion as moot because Dolgencorp provided the requested discovery less than an hour after Sullivan filed her motion to compel it (of course, it was still "late" for purposes of Federal Rules of Civil Procedure 33 and 34). The two motions that remain request that the court (1) prevent Dolgencorp from calling certain witnesses at trial, Dkt. 24, and (2) grant default judgment on liability against Dolgencorp as a discovery sanction, Dkt. 52. Both motions seek redress for the same basic conduct: Dolgencorp's delay in identifying two employees who were present the day of her fall. Neither party is blameless: Dolgencorp should have disclosed the witnesses earlier, but Sullivan should have pressed the issue to resolution when there was time to fix it. The court will not grant the relief Sullivan requests, and her motions are denied.

BACKGROUND

Sullivan alleges that on May 5, 2013, she was shopping at a Dollar General Store. She walked down an aisle, stopped, reached up to grab an item off of a shelf, and then tripped as she turned back to her cart. The parties appear to agree that Sullivan tripped over a "stack out," a cardboard display stand that was set-up in the aisle. Sullivan suffered bruises and a fractured spine, and she required hospitalization. Her complaint alleges that Dolgencorp failed to maintain a "safe place," as required by Wisconsin's Safe Place Statute, Wis. Stat. § 101.11. According to Sullivan, this failure caused her injuries.

After a pretrial hearing, the court issued an order setting the calendar for this case. Dkt. 9. The court set an October 31, 2014, cutoff for discovery, and required both parties to make their Rule 26(a)(3) disclosures by November 10, 2014. *Id.* The parties later agreed to extend the

discovery cutoff to November 28, 2014, and the court accepted the extension, but reminded them that their pretrial filing deadlines remained the same. Dkt. 19. Despite the extension, the parties have had difficulty completing discovery and preparing for trial.

The key problem, apparently, is with the Dolgencorp employees who were present at the store the day of Sullivan's fall. Sullivan would like to interview, depose, and possibly call these witnesses to testify at trial. Her goal is to determine "whether or not they implemented the rules and procedures regarding maintenance and safety, trained their employees regarding those rules and were following those rules on the day in question." Dkt. 49, at 9-10. But Dolgencorp has been slow to identify these employees. In September 2014, Dolgencorp initially identified only one witness by name: Tracey Latham, the former manager of the Dollar General Store where the accident occurred. On November 4, 2014, Dolgencorp identified Everett Rogers, a former assistant manager of the store in question, and Caren Eldred, a sales associate. On November 5, Dolgencorp filed an amended witness list including Rogers and Eldred. With less than a week before Sullivan needed to file a list of the witnesses she planned on calling at trial, Dolgencorp's additions left her with little time to interview and depose the newly identified employees.

To make matters worse, Latham and Rogers are no longer employed by Dolgencorp, and they have been unresponsive to the company's communications. In a November 4, 2014, letter to Sullivan's attorney, Dolgencorp's attorney provided the last-known addresses for the former employees and explained that Sullivan could subpoena them if she wanted to take their depositions. Because they were former employees, however, Dolgencorp objected to Sullivan speaking with them outside the presence of counsel.

Two days after receiving Dolgencorp's amended witness list, Sullivan moved to prevent Dolgencorp from calling the new witnesses. Dkt. 24. About two weeks later, Sullivan moved the court for judgment on liability as a discovery sanction. Dkt. 52. The second motion repeated the

3

issues Sullivan raised in the first motion, but added that Dolgencorp had compounded the problem with continuing discovery delays.

ANALYSIS

Both motions present essentially the same argument. Sullivan contends that Dolgencorp's tardy identification of its witnesses and its failure to timely respond to discovery requests have prevented her from taking discovery from these witnesses, which has prevented her from putting together evidence needed for her liability case. Sullivan brought both motions under Rule 37, purporting to seek discovery sanctions for Dolgencorp's violations of Rule 26.

The seeds of the parties' difficulties were sown at the beginning of the case. Apparently because the case was removed to this court, the parties did not attend to their initial disclosure obligations. Sullivan notes that, under Rule 26(a)(1)(A)(i), Dolgencorp should have made initial disclosures that included "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Sullivan is correct that these disclosures *should* have taken place within 14 days of the parties' Rule 26(f) conference. But Dolgencorp informs the court that the parties never had such a conference, nor did they file the required discovery plan with the court.[1] Dkt. 46, at 2 and Dkt. 57, at 6. There was never any court order setting a deadline for initial disclosures in this case, and so apparently neither party made its Rule 26(a)(1)(A)(i) initial disclosures.

---

[1] Sullivan has not confirmed that the parties never met and conferred, but she has had several opportunities to set the record straight if she needed to. She has not done so, and the court therefore assumes that Dolgencorp is correct that the parties jointly failed to meet their Rule 26(f) obligations.

The parties should have figured out a time to make their initial disclosures, and either party could have asked the court for help if they felt that they did not get what they were entitled to. But Sullivan has failed to identify any actual violation of Rule 26 that would give rise to the "automatic and mandatory" sanction of excluding witnesses when a party fails to make its required initial disclosures. *See* Fed. R. Civ. P. 37(c)(1); *NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 786 (7th Cir. 2000).

The court agrees with Sullivan that Dolgencorp's disclosures appear to have occurred awfully late in the game, but Sullivan's own delay in pursuing discovery makes it difficult to take her request for sanctions seriously. She filed this case over a year ago, and she has had significant time to build proof for her theory of liability. She did not file her first set of discovery requests until three months ago, and the first time she brought Dolgencorp's missing initial Rule 26(a) disclosures to the court's attention was just over a month before trial. As the pretrial conference order in this case warned, "[t]his court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order." Dkt. 9, at 4. If the testimonies of the missing store employees were critical to Sullivan's case, she should have sought immediate assistance from the court after making an unsuccessful, good faith effort to resolve the problem with Dolgencorp's counsel; waiting and seeking extreme sanctions was the wrong approach. *Cf. Ackermann v. Powers*, No. 04-cv-845, 2005 WL 1432369, at *1 (W.D. Wis. June 16, 2005) ("Defendant has taken the wrong approach. . . . [D]efendant has taken no steps to resolve the discovery dispute, instead waiting for deadlines to pass and then seeking dismissal or summary judgment instead of some intermediate sanction available under Rule 37.").

As for any prejudice that was not self-inflicted, Sullivan had the ability to cure it at the time she filed her motions, and to an extent *still* has that ability. As of November 4, 2014, Dolgencorp had located its two missing former employees and explained to Sullivan that they were not responding to the company's efforts to contact them. Dkt. 48-19. Dolgencorp further advised Sullivan that she could subpoena the witnesses if she wanted to depose them. *Id.* Rather than prepare and serve subpoenas, however, Sullivan filed a motion to exclude the witness altogether. Further, Dolgencorp has now been ordered to provide the safety policies that Sullivan contends are central to her theory of liability, and she has been given leave to seek out and interview the two missing witnesses regardless of whether Dolgencorp's counsel is present. Dkt. 54. Finally, Sullivan still has a bit of time before trial; she should make good use of it. And, for what it is worth, the court will expect Dolgencorp to be courteous, accommodating, and reasonably flexible, even if depositions have to be scheduled beyond the already extended discovery cut-off.

The court might treat Dolgencorp more harshly if Sullivan could show evidence of bad faith. In support of her motion for a finding of liability, Sullivan directs the court to *Charter House Insurance Brokers, Limited v. New Hampshire Insurance Company*, a case in which the Seventh Circuit affirmed a dismissal sanction after holding that "[a] Rule 37 dismissal requires a showing of 'willfulness, bad faith, or fault' by the dismissed party." 667 F.2d 600, 605 (7th Cir. 1981). More recently, the court of appeals confirmed that "considering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case." *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).

Sullivan takes issue with Dolgencorp's delay in responding to her discovery requests, particularly given that many "responses" were boilerplate objections, and she also recounts how

Dolgencorp cancelled a scheduled deposition of one of its former employees the day before it was to take place. But a modest lack of diligence is not bad faith, particularly when both sides have been less than diligent.[2] The court already reviewed Dolgencorp's discovery responses when it denied most of Sullivan's motion to compel, Dkt. 23, and even the portion that the court granted required the magistrate judge to refine and clarify the scope of the request. As for the cancelled deposition, Dolgencorp explains that it was the product of being unable to locate a former employee, and not a deliberate effort to sabotage Sullivan's suit. Once the company found the employee, it promptly updated Sullivan's attorney and advised him that a subpoena might be necessary to secure a deposition. The court could rightly be skeptical of how diligently Dolgencorp has responded to Sullivan's discovery requests, but there certainly is no "clear and convincing evidence" of willfulness or bad faith.

Sullivan cannot demonstrate that she is entitled to a judgment of liability as a discovery sanction. That motion will be denied.

The court is also inclined to deny her motion to exclude the late-disclosed witnesses, but will defer ruling definitively on that issue until hearing argument at the final pretrial hearing. The court notes that Sullivan has filed a motion in limine seeking to "preclude Defendant from presenting any witnesses in this matter based upon Plaintiff's Motion to Exclude Witnesses." Dkt. 35. If the court is convinced that Dolgencorp has gained an unfair advantage by delaying the disclosure of the store employees, their testimony will be excluded. But in the meantime, the parties should prepare their cases as though these witnesses will testify. At the final pretrial

---

[2] Sullivan herself missed a deadline for disclosing her expert witnesses. This missed deadline is one of the subjects of Dolgencorp's pending motion in limine, Dkt. 37, and Sullivan opposes that motion on the grounds that her mistake was harmless, Dkt. 45, at 7. In seeking sanctions, however, Sullivan contends that Dolgencorp's missed deadline indicates bad faith. Given the obvious contradiction, her suggestion borders on disingenuous.

conference, the court will expect to hear detailed descriptions of the topics about which these witnesses will testify. The court will also expect to hear how the parties have alleviated the problems posed by the tardiness of the discovery conducted in this case, tardiness for which both sides bear responsibility.

The final remaining issue concerns attorney fees. With each of her discovery-related motions, including the two addressed in this order, Sullivan sought her reasonable attorney fees. Sullivan succeeded only on her motion to compel, and even then, only partially. The court did not award fees following her motion to compel, deferring the issue until all of Sullivan's discovery motions had been resolved. Dkt. 54. Although Sullivan will not get the major sanctions that she seeks, an award of fees may be appropriate for Sullivan's motion to compel because Dolgencorp acknowledges that it was late in providing discovery disclosures and it was Sullivan's motion that arguably motivated the company to finally comply. At this point, Sullivan's claim for fees anticipates success on each of her discovery motions. Sullivan may therefore have until December 3, 2014, to revise and renew her request for fees incurred in pursuing her motion to compel, explain why she is entitled to such fees, and provide adequate supporting documentation. Dolgencorp may, if necessary, file a response to Sullivan's request by December 8, 2014, and the court will decide the issue as part of its final pretrial order. If the parties can reach agreement on a modest fee award to Sullivan, so much the better.

ORDER

IT IS ORDERED that:

1. Plaintiff Dolores Sullivan's motion to exclude witnesses, Dkt. 24, is DENIED, although the court will revisit the issue at the final pretrial conference.

2. Plaintiff's motion for sanctions, Dkt. 52, is DENIED.

3.  Plaintiff may have until December 3, 2014, to renew her request for fees and file supporting documentation. Defendant Dolgencorp, LLC may have until December 8, 2014, to respond to plaintiff's request.

Entered this 26th day of November, 2014.

                BY THE COURT:

                /s/

                _____

                JAMES D. PETERSON
                District Judge